1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASON,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAN DIEGO TRANSIT CORPORATION;<br>METROPOLITAN TRANSIT SYSTEM;<br>and DOES 1 through 20, inclusive,<br><br>                    Defendants. | **CASE NO: 10-CV-0098-IEG (MDD)**<br><br>**ORDER GRANTING**<br>**DEFENDANTS' MOTION TO**<br>**DISMISS**<br><br>[Doc. No. 20] |

        Presently before the Court is a motion to dismiss Plaintiff's First Amended Complaint filed by Defendants San Diego Transit Corporation and Metropolitan Transit System.  [Doc. No. 20]  This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

        Unless otherwise noted, the following facts are taken from Plaintiff's First Amended Complaint ("FAC").

        Defendant San Diego Transit Corporation ("SDTC") is a wholly-owned subsidiary of Defendant Metropolitan Transit System ("MTS").  MTS has complete ownership and control over SDTC, and every member of the MTS Board of Directors is an elected public official.  [See Defs.'

Mot. to Dism., at 5.]  Effective January 1, 2004, amendments to the California Public Utilities Code made MTS and SDTC joint employers of SDTC employees.  [Id. (citing Cal. Pub. Util. Code §§ 120202(a) & (b), 120508(a).]  Thus, SDTC became a public entity and SDTC employees, including Plaintiff, became public employees.

Plaintiff Lorenzo Cason began his employment as a bus driver with SDTC in February 2001. Until 2005, Plaintiff's employment record with SDTC documented no disciplinary action, customer complaints, or negative reports by "Ride Checkers" employed by Defendants.

On August 26, 2005, Plaintiff was ordered to attend an administrative fact-finding hearing at SDTC on a day he was not scheduled to work.  Plaintiff attended the hearing, after which he was cleared of any charges against him and faced no further disciplinary action.

Pursuant to the union contract, Plaintiff submitted a time card for "Day Off Pay."  Jim Byrne, SDTC's Director of Transportation, refused to sign Plaintiff's time card.  Three days later, Debra Hahn, Payroll Manager, informed Plaintiff that Byrne had instructed payroll to pay Plaintiff for just one hour at his regular pay-rate for attending the hearing, rather than the "Day Off Pay" mandated under the union employment contract: 5.2 hours at a rate of 1.5-times Plaintiff's regular pay-rate. When he received his paycheck for the period of time that included the hearing, Plaintiff discovered he had not been paid for any time on August 26, 2005.

In September 2005, Plaintiff, who is African-American, learned that two other SDTC drivers, one Caucasian and one Hispanic, also attended fact-finding hearings on scheduled days-off and were paid for 5.2 hours at the day-off pay-rate pursuant to the union contract.  On October 18, 2005, Plaintiff filed a complaint alleging racial discrimination with the Equal Employment Opportunity Commission ("EEOC").  In May 2006, Plaintiff received full Day Off Pay for attending the August 26, 2005 Fact Finding hearing.

Plaintiff claims that after he filed his October 18, 2005, complaint with the EEOC, Defendants engaged in a campaign of retaliatory actions and racial discrimination involving various false allegations of misconduct; violations of Plaintiff's administrative procedural rights as a public employee; unwarranted disciplinary actions, including unpaid suspensions from work and culminating with the termination of Plaintiff's employment; and post-termination harassment, including assault and

battery.  Between Plaintiff's initial EEOC complaint in October 2005 and the termination of his employment with SDTC in December 2007, Plaintiff filed at least two additional complaints with the EEOC—on February 7, 2006, and June 29, 2007.  [See Compl. ¶¶ 26 & 32; Defs.' Req. for Judicial Notice, Exs. 12-14 (copies of Plaintiff's EEOC complaints).]

Plaintiff initiated this action on January 13, 2010, proceeding *pro se*.  Defendants answered on March 16, 2010, and the parties participated in several Early Neutral Evaluation conferences with a magistrate judge.  Plaintiff filed the FAC on January 24, 2011, now represented by Mr. Jamahl Kersey.  [Doc. No. 17.]  The FAC alleges eight causes of action: (1) Employment Discrimination, in Violation of Title VII of the Civil Rights Act of 1964; (2) Negligence; (3) Intentional Infliction of Emotional Distress; (4) Assault; (5) Battery; (6) Abuse of Process; (7) Defamation; and (8) False Imprisonment.

## LEGAL STANDARD

A Rule 12(b)(6) dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 (2007); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  Rule 12(b)(6) also permits dismissal when a claim is time-barred.  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  A court may dismiss claims with prejudice where amendment would be futile because the plaintiff is not entitled to relief under any set of provable facts.  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by* Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  A court may, however, consider exhibits submitted with the complaint.  Van Winkle v. Allstate Ins. Co., 290 F. Supp. 2d 1158, 1162 n.2 (C.D. Cal. 2003).  In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**DISCUSSION**

I.   **RACE DISCRIMINATION CLAIMS UNDER TITLE VII AND 42 U.S.C. § 1981 (FIRST CAUSE OF ACTION)**

Plaintiff's first cause of action alleges racial discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.* Plaintiff's claim under either statute is based on allegations that Defendants (1) denied Plaintiff "Day Off Pay" after he attended a disciplinary meeting on a scheduled day off, but fully compensating similarly situated employees of other races; and (2) disciplined Plaintiff for reading from a prepared statement of objections during an administrative fact-finding hearing, but took no action against similarly situated employees of other races. [See FAC ¶¶ 38-49, 73.[1]] Plaintiff's claims under either statute are time-barred.

A.   **Race Discrimination Claim Under Title VII**

"Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action." Payan v. Aramark Mgmt. Servs. Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)). A claimant has ninety days from the date on which a right-to-sue notice arrives at his address of record to initiate related civil proceedings. Id. at 1121-22. "[T]his ninety-day period operates as a limitations period"; if a claimant fails to file suit within ninety days, the civil action is time-barred. Id. (citing Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992)).

Plaintiff filed three EEOC complaints based on his pre-termination allegations in 2005 and 2006.[2] The EEOC issued three different right-to-sue letters regarding these allegations, dated February

---

[1] Plaintiff's claim alleges he was disciplined for reading a prepared statement at his Skelly hearing. [FAC ¶ 73.] However, his statement of facts alleges he read the prepared statement during administrative fact-finding hearings, during which he also requested a Skelly hearing. [Id. ¶¶ 38-49.]

The term "Skelly hearing" derives from Skelly v. State Personnel Board, 15 Cal. 3d 194 (1975), in which the California Supreme Court held that a civil service employee has a property interest, protected by due process, in the continuation of employment. Gilbrook v. City of Westminster, 177 F.3d 839, 850 n.1 (9th Cir. 1999). A Skelly hearing is a pre-disciplinary, administrative hearing, during which a public employee has an opportunity to present his version of relevant events. See Womack v. Met. Transit Sys., 2011 WL 839387, at *11 (S.D. Cal. Feb. 28, 2011).

[2] Plaintiff filed a fourth complaint with the EEOC on May 28, 2008, alleging Defendants wrongfully terminated his employment due to discrimination based on Plaintiff's race and a disability, and in retaliation for filing previous complaints with the EEOC. [See Defs.' RJN Ex. 15, at 55 (Plaintiff's May 2008 EEOC complaint).] The EEOC issued a related right-to-sue letter on October 13, 2009. [Id.] Plaintiff's FAC, however, does not raise a wrongful termination claim. Thus, the

4

9, 2006; February 10, 2006; and July 13, 2007.  [See Defs.' RJN Exs. 12, 13, and 14].  Each expressly stated that Plaintiff could file a civil suit within ninety days of receiving the letter.  Plaintiff filed his initial civil complaint on January 13, 2010—well after the ninety-day statute of limitations expired. Thus, Plaintiff's Title VII claims related to incidents that gave rise to the EEOC complaints filed in 2005 and 2006 are time-barred.  Accordingly, they are **DISMISSED WITH PREJUDICE**.

### B.    Race Discrimination Claim Under 42 U.S.C. § 1981

Claims under 42 U.S.C. § 1981 alleging a hostile work environment, wrongful termination, or discrimination in the terms and conditions of employment are subject to a four-year statute of limitations.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371-72, 383-84 (2004).  Plaintiff's FAC was filed on January 24, 2011.  Thus, unless he can establish that the allegations in the FAC relate back to his original complaint, Plaintiff can only sue for alleged misconduct that occurred on or after January 24, 2007.  If the allegations in the FAC do relate back to Plaintiff's initial complaint, filed January 13, 2010, the statute of limitations will permit claims stemming from misconduct that occurred on or after January 13, 2006.

Plaintiff's allegation that he did not receive "Day Off Pay" in May 2005 is time-barred regardless of whether the limitations period is calculated from the filing of the original complaint or the amended complaint.  Plaintiff's allegation that he was placed on administrative leave in retaliation for reading a prepared objection during administrative fact-finding hearings in May 2006, however, can proceed if the allegation properly relates back to Plaintiff's original complaint.

For new claims raised in an amended complaint to relate back to an original complaint, they must arise "out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Claims arise out of the same conduct, transaction, or occurrence if they "share a common core of operative facts" such that the plaintiff will rely on the same evidence to prove each claim.  Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008) (citing Martell v. Trilogy, Ltd., 872 F.2d 322, 325-26 (9th Cir. 1989)).

---

Court does not assess the potential merits of a claim based the incidents that gave rise to Plaintiff's May 28, 2008, EEOC complaint.

Simply alleging "racial discrimination" is insufficient if the amended complaint alleges different facts underlying the claim.  Id.  In Williams v. Boeing Company, the Ninth Circuit held that a claim in an employee's amended complaint for racial discrimination in pay did not relate back to the original complaint's allegations that racial discrimination led to a denial of promotion and a hostile work environment.  Id.  Although both claims alleged racial discrimination, the claims in the amended complaint were based on an entirely different set of facts than those underlying the initial complaint.  Id.

In the present case, Plaintiff's original complaint alleged several incidents of pre-termination misconduct.  These included allegations that Plaintiff was denied Day Off Pay; that he was falsely cited for violating company policy against using personal electronic equipment while driving a company-owned bus; that Defendants used anonymous riders to build a case to terminate Plaintiff by filing false complaints against him; and that he was retaliated against for filing complaints against Defendants with the California Highway Patrol and EEOC, and for helping other union members as a union representative.  [Compl., at 1.]

Plaintiff's FAC alleges Defendants disciplined him for reading a prepared statement of objections during two fact-finding hearings.  [See FAC ¶¶ 38-49, 73.]  Those allegations cannot relate back to his original complaint simply because both alleged race discrimination; the new facts must be related to the allegations in the original complaint.  Williams, 517 F.3d at 1133.  The original complaint, however, contains no reference to Plaintiff's May 2006 fact-finding hearings or his June 2006 Skelly hearing.  Nor does it contain any allegations that Defendants disciplined him for asserting his right to object to hearing procedures, but did not discipline other, Caucasian employees for the same conduct.  Thus, the FAC's claim presents "a new legal theory depending on different facts, not a new legal theory depending on the same facts."  This allegation, therefore, does not relate back to the original complaint.  Id.

Plaintiff's claim under section 1981 stems from actions that occurred in May and June 2006—more than four years before Plaintiff filed the FAC.  Thus, Plaintiffs claim under 42 U.S.C. § 1981 is time-barred.

///

6

### C.       Conclusion on Plaintiff's First Cause of Action

Plaintiff's allegations of racial discrimination under Title VII and section 1981 are time-barred. Accordingly, Plaintiff's first cause of action is **DISMISSED WITH PREJUDICE**.

## II.      COMMON LAW CLAIMS (SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION)

California's Tort Claims Act aims to "confine potential governmental liability to rigidly delineated circumstances." Zelig v. Cnty. of Los Angeles, 27 Cal. 4th 1112, 1127-28 (2002) (quoting Brown v. Poway Unified Sch. Dist., 4 Cal. 4th 820, 829 (1993)). Under the Tort Claims Act, "a public entity is not liable for injury arising from an act or omission except as provided by statute." Creason v. Dep't of Health Servs., 18 Cal. 4th 623, 630-31 (1998) (citing Cal. Gov. Code § 815(a)). Thus, public entities are immune from common law claims. Harshbarger v. City of Colton, 197 Cal. App. 3d 1335, 1339 (1988) ("In California, all government tort liability must be based on statute. 'Government Code § 815, enacted in 1963, abolished all common law or judicially declared liabilities for public entities . . . .'" (quoting Cochran v. Herzog Engraving Co., 155 Cal. App. 3d 405, 409 (1984))).

Defendants MTS and SDTC are public entities, and the Tort Claims Act governs claims against them. See Cal. Pub. Util. Code § 120202(b) ("All claims for money or damages against [MTS] board or its employees, and against any nonprofit public benefit corporation of which the [MTS] board is the sole member or the employees of that corporation, shall be governed by [the Tort Claims Act] applicable to public agencies and their employees . . . ."); id. § 120508(a) ("This article also applies to the employee relations of employees of a nonprofit entity [SDTC] that operates public mass transit services and that is solely owned by the [MTS] board."). Thus, claims against Defendants must be based on statutes that expressly provide that public entities may face liability, rather than common law theories of liability.

Plaintiff's second through eighth claims—negligence, intentional infliction of emotional distress, assault, battery, abuse of process, defamation, and false imprisonment—are common law claims, barred by the Tort Claims Act. Accordingly, they are **DISMISSED WITH PREJUDICE**.

///

///

///

## <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff's first cause of action, under Title VII and 42 U.S.C. § 1981, and his second through eighth causes of action, common law tort claims, are **DISMISSED WITH PREJUDICE**.  The Clerk shall terminate this case.

**IT IS SO ORDERED.**

**DATED:** 4/25/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**